No. 48790.—Protests 835056–G, etc., of Otto Roth & Co., Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and cited cases the following allowances were made by the court to compensate for foreign substances on the outside of certain cheese: (1) 2½ percent for cheese similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstracts 42146 and 48269, and (2) 1 percent for other cheese similar to Reggiano cheese the subject of said C. D. 706. Protests sustained to this extent.

SEPTEMBER 17, 1943

No. 48791.——Protests 961613–G, etc., of Tillotson Clay Products Co. C. D. 786. Plaintiff's application for rehearing denied.

No. 48792.—.—Protest 803900–G/10524 of Geo. Wm. Rueff, Inc., C. D. 791. Plaintiff's application for rehearing denied.

No. 48793.——Protests 96081–K, etc., of Meadows Wye & Co., Inc., et al. Plaintiff's application for rehearing granted.

BEFORE THE FIRST DIVISION, SEPTEMBER 22, 1943

No. 48794.—Protests 3572–K/88694, etc., of Lambin & Co. et al. (Chicago).

Opinion by COLE, J. It was stipulated that the merchandise in question consists of Norgine F the same as the commodity passed upon in *United States* v. *Betz* (30 C. C. P. A. 16, C. A. D. 208), which record was incorporated herein. In accordance therewith the claim at 20 percent under paragraph 1558 was sustained.

No. 48795.—Petition 6364–R of Frankel Carbon & Ribbon Co. (Denver).

Opinion by COLE, J. It appeared from the uncontradicted testimony that the entries relate to a class of merchandise never carried in stock by the foreign exporter but always purchased under terms for delivery 6 months hence. The collector of customs filed appeals (Reappraisements 141731–A and 141732–A) claiming the higher price agreed to under the later of two contracts to be representative of the proper dutiable value. At the hearing it was found that the facts came squarely within the decision in *White Lamb Finlay, Inc.* v. *United States* (29 C. C. P. A. 199, C. A. D. 192). In accordance therewith and from the facts the court was satisfied that the entries were made without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.